**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel Salcido, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>JPMorgan Chase Bank NA, et al.,<br><br>　　　　　　　Defendants. | No. CV-14-02560-PHX-DGC<br><br>**ORDER** |

On March 18, 2015, the Court dismissed Plaintiffs' complaint with prejudice, finding that the statute of limitations barred Plaintiffs' claims and that any further amendment of the complaint would be futile. Doc. 35. On April 17, 2015, Plaintiffs filed a motion for reconsideration. Doc. 36. They argue that their claim for negligent performance of an undertaking is not time-barred because their complaint alleged negligent conduct that occurred in 2013. The Court will deny Plaintiffs' motion.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Ariz. 2003). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Reconsideration should not be used to make new arguments or to ask the Court to rethink its analysis. *Motorola, Inc. v. J.B. Rodgers*

*Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (citing *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)).

The Court will deny Plaintiffs' motion for several reasons. First, Plaintiffs filed this motion more than two weeks past the deadline for motions for reconsideration, and Plaintiffs have not shown good cause for their tardiness. LRCiv 7.2(g)(2) ("Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date" of the relevant order).

Second, in their original briefing for the motions to dismiss, Plaintiffs did not argue that Defendants' conduct in 2013 brought their claims within the statute of limitations. Rather, Plaintiffs argued that their pursuit of administrative remedies equitably tolled the statute of limitations. *See* Doc. 20 at 7-9; Doc. 28 at 6-7. Motions for reconsideration "are not the place for parties to make new arguments not raised in their original briefs." *Motorola, Inc.*, 215 F.R.D. at 582.

Third, Plaintiffs' new argument lacks merit. Plaintiffs argue that the complaint alleges negligent conduct occurring in 2013, thereby bringing their claim for negligent performance of an undertaking within the two-year statute of limitations. Plaintiffs point to two allegations: "On September 18, 2013, Plaintiffs again sought another post-sale modification through Seterus based upon Chase's mishandling of Plaintiffs' initial HAMP application as described above" (Doc. 1-1, ¶ 44), and "Plaintiffs promptly submitted their complaint to the [Consumer Financial Protection Bureau] on December 11, 2013" (*id.*, ¶ 46).

These allegations, however, did not form the basis for Plaintiffs' claim for negligent performance of an undertaking, a claim that was based entirely on negligent conduct occurring from 2009 through 2011. *Id.*, ¶¶ 54-76. In the present motion, Plaintiffs do not explain how Defendants' conduct in 2013 could form the basis of a tort claim. The quoted allegations discuss Plaintiffs' efforts to remedy Defendants' tortious acts; they do not describe tortious conduct by Defendants. Plaintiffs argue that they "could easily amend their Complaint" to allege tortious conduct occurring within the

- 2 -

statute of limitations. Notably, Plaintiffs do not explain what these amended allegations would be. For these reasons, Plaintiffs have failed to show that the Court's decision was erroneous.

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 36) is **denied.**

Dated this 15th day of May, 2015.

_____
David G. Campbell
United States District Judge